IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARION GOVAN, # 221463, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KAREN CARTER, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:18-cv146-WHA<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

On March 7, 2018, Alabama inmate Marion Govan ("Govan") filed a self-styled "Written Motion Of Complaint," which this court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1; *see* Doc. No. 2 at 1–2. Govan, who is serving a state sentence for convictions entered in 2002 in the Circuit Court of Barbour County, claims that Alabama officials are unlawfully holding him in custody after he has been granted parole and "ordered through the courts . . . to be set free from prison." Doc. No. 1 at 1–2.

In an answer filed on April 25, 2018, the respondents argue that Govan's petition is meritless because Govan has not been granted parole and was denied parole in March 2017 at his latest parole consideration.[1] Doc. No. 11 at 1–2. The respondents argue further that, to the extent Govan asserts claims for relief, he has failed to exhaust his state court remedies

---

[1] With their answer, the respondents submitted an affidavit and documents from the Alabama Department of Corrections indicating that Govan has not been granted parole and that his next parole consideration date is not until March 2021. Doc. No. 11-1 at 2–3.

regarding such claims. *Id*. at 2–3. Accordingly, the respondents argue that Govan's § 2254 petition should be dismissed without prejudice on this basis. *Id*. at 2–4.

In light of the arguments and evidence presented by the respondents, the court entered an order allowing Govan to demonstrate why his petition should not be dismissed for his failure to exhaust state court remedies. Doc. No. 12. Govan has failed to file a response to this order within the time provided by the court.

## II.   DISCUSSION

Before a § 2254 petitioner may obtain federal habeas review, he must exhaust his federal claims by raising them in the appropriate court, allowing the state courts to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Besides making the unsupported claim that he has been granted parole, Govan states he has been "ordered through the courts" to be released from prison. *See* Doc. No. 1 at 1–2. However, Govan does not identify the court that supposedly ordered his release from prison, and the exhibits submitted with the respondents' answer indicate that Govan has neither been granted parole nor ordered to be released from prison. *See* Doc. No. 11-1 at 2–3. In any event, it is apparent that Govan has failed to exhaust whatever claims he may have, because he has never presented his claims to the state courts. That is, he has never presented the state courts with his claim that Alabama officials are unlawfully holding him in custody after he has been granted parole, or that Alabama officials are ignoring court

orders that he be "set free from prison." This court does not consider it appropriate to rule on the merits of Govan's claims without first requiring that he present them to, and exhaust them in, the state courts. *See* 28 U.S.C. § 2254(1)(b)(2).

Furthermore, Govan's petition is also subject to summary dismissal because his allegations are "patently frivolous or false." Rule 4 of the Rules Governing Section 2254 Cases authorizes the summary dismissal of a § 2254 petition where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Govan's petition is premised on his allegation that he has been granted parole. This allegation, however, is patently frivolous or false.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice because Govan has not exhausted his state court remedies and because Govan's allegations are patently frivolous or false.

It is further

ORDERED that on or before June 11, 2018, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; s*ee Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 23rd day of May, 2018.

               /s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE